

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Case No. 3:17-cv-00159-MMD-CBC

Plaintiff

v.

ROMEO ARANAS, et al.,

Defendants

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the Court is plaintiff Kevin Rohn Gill's ("Gill") Motion to File Second Amended Complaint ("SAC"). (ECF No. 29.) Defendants responded to the motion requesting that the SAC be screened by the Court (ECF No. 30). The Court now re-screens Gill's SAC pursuant to 28 U.S.C. § 1915A.

**I.   LEGAL STANDARD**

Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard when reviewing the adequacy of a complaint under § 1915. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Under Rule 12(b)(6), the court is to dismiss when the complaint fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

Upon review, the complaint is construed in the light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* plaintiff, as a more forgiving standard applies to litigants not represented by counsel. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). In addition, a *pro se* plaintiff must be given notice of the deficiencies of his or her complaint, and leave to amend, unless the opportunity to amend would be futile. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Despite this leniency, a district court may in its discretion dismiss an *in forma pauperis* complaint if the claim "lacks an arguable basis in either law or fact." *Id.* This includes claims based on untenable legal conclusions (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist) or fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).

## II. DISCUSSION

### A. Plaintiff's Complaint

Gill is a prisoner in the custody of the Nevada Department of Corrections ("NDOC")

and is currently housed at High Desert State Prison ("HDSP") in Indian springs, Nevada. (ECF No. 1.) However, the events giving rise to this complaint occurred at Northern Nevada Correction Center ("NNCC") in Carson City, Nevada. (ECF No. 29, at 6.) Gill has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On April 2, 2018, the Court screened Gill's First Amended Complaint ("FAC") and determined that the Eighth Amendment claim for deliberate indifference could proceed against Defendants Aranas, Brockway, and Perry, but was dismissed without prejudice against Defendants Mar, Long, Walls, Gedney, Manerlang, and Johns. (ECF No. 5, at 13.) Gill was granted leave to amend his complaint to cure the deficiencies outlined therein. (*Id.*) Gill has now submitted a SAC which reiterates the Eighth Amendment claim for deliberate indifference against Aranas but fails to include Brockway or Perry as Defendants. (ECF No. 29, at 8.) In addition, the SAC includes Gedney, Mar, Walls, Long, and John Doe's number one (1) through ten (10)[1] as Defendants; alleges four separate Eighth Amendment deliberate indifference claims; and, seeks declaratory and monetary relief. (ECF No. 29.) Based on Gill's claims, the Court construes the SAC as only alleging one Eighth Amendment deliberate indifference claim against all Defendants.

The gravamen of Gill's complaint is that he received inadequate medical care while housed at NNCC. (ECF No. 29, at 6.) Gill claims that he saw various NNCC medical staff

---

[1] Gill's SAC does not properly name John Doe's number one (1) through ten (10) as Defendants but he discusses them in his "Supporting Facts" section. (*id.*, at 8 – 10.) Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If the true identity of any of the Doe defendants comes to light during discovery, plaintiff may either move to substitute the true names of Doe defendants or move to amend his complaint to assert claims against the Doe defendants at that time. Therefore, the Court will treat Gill's SAC as if he had properly named John Doe's number one (1) through ten (10) as defendants. *Nordstrom*, 762 F.3d at 908.

for his degenerative hip condition, and they were aware of his pain and need for surgery. (*Id.*, at 9–10.) However, NNCC medical staff refused to provide Gill with effective painkillers or to schedule his surgery. (*Id.*) As a result of his four-year delay in receiving treatment for his hip condition, Gill now suffers from a permanent handicap and must endure pain for the rest of his life. (*Id.*, at 9.)

### B.     ANALYSIS

#### 1. Count I – Eighth Amendment Deliberate Indifference

Gill alleges an Eighth Amendment claim for deliberate indifference to a serious medical need against each Defendant. (ECF No. 29.) A prison official violates the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of a prisoner. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012). To meet the objective standard, the denial of a plaintiff's serious medical need must result in the "'unnecessary and wanton infliction of pain.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Serious medical needs are those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities' or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal punctuation omitted).

To meet the subjective standard of deliberate indifference, a prison official must know that a prisoner faces a substantial risk of serious harm and disregard that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. Only where a prison "official 'knows of and disregards an excessive risk to inmate health and safety'" is the subjective element of the test satisfied. *Id.* (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)). "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). However, a mere delay in medical treatment is not sufficient for a deliberate indifference claim; there must also be harm. *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir.1985).

A disagreement between a plaintiff and defendant physician regarding the course of medical treatment cannot constitute a deliberate indifference claim without establishing that the course of treatment was medically unacceptable and chosen in conscious disregard of an excessive risk to Plaintiff's health. *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996). The conduct must consist of "more than ordinary lack of due care." *Farmer*, 511 U.S. at 835. Not only must the defendant prison official have actual knowledge from which he or she can infer that a substantial risk of harm exists, but he or she must also draw that inference." *Id.* at 837. The standard lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other[,]" *id.* at 836, and does not include "accidental or unintentional failures to provide adequate medical care . . .," *Estelle*, 429 U.S. at 105. Finally, the plaintiff must prove that he was harmed by the indifferent actions, though the harm need not be substantial. *Jett*, 439 F.3d at 1096.

For purposes of screening the SAC, Gill satisfies the first prong for a claim of deliberate indifference to a serious medical need. "[T]he existence of chronic and substantial pain indicates that a prisoner's medical needs are serious[.]" *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (internal citation omitted). Gill alleges that he suffers from a degenerative hip condition and chronic back pain. (ECF No. 3, at 8.) He also alleges that his conditions cause "excruciating pain," preventing him from walking without a cane; causing him to lose his breath while walking; and, resulting in pressure in his back and numbness in his right foot, hand, and leg. (*Id.*) Gill therefore alleges a serious medical need by satisfactorily describing his chronic and substantial pain.

However, Gill must also satisfy the deliberate indifference prong to state a colorable Eighth Amendment claim for deliberate indifference. Because Gill sues multiple defendants for varying actions or inactions, the Court will consider the deliberate indifference prong as it relates to each newly named Defendant as outlined below.

a. Defendant Gedney

The Court now turns to the allegations against Gedney, which fall into two categories: (1) her opinion that a hip-replacement surgery be delayed for the time being; and (2) her decision regarding what medications to prescribe for Plaintiff's pain. (ECF No. 29, at 6 – 10.)

The first category of allegations do not demonstrate deliberate indifference. Gedney informed Gill that he would need hip surgery in the future, but it was not needed at that time. (ECF No. 29, at 7.) Gill's allegations suggest that he disagreed with Gedney's decision as to the surgeries timing. (*Id.*, at 7.) A disagreement between a Plaintiff and Defendant physician regarding the course of medical treatment cannot constitute a

deliberate indifference claim without establishing that the course of treatment was medically unacceptable and chosen in conscious disregard of an excessive risk to Plaintiff's health. *Jackson,* 90 F.3d at 332. Gill fails to meet this standard because his allegations indicate that Gedney did not believe that delaying the surgery would result in a substantial risk of serious harm. (ECF No. 29.) The Court therefore recommends dismissal of Gill's Eighth Amendment claim regarding surgery timing against Gedney.

The second category of allegations also do not demonstrate deliberate indifference. Gedney initially prescribed Gill ibuprofen for his pain, and subsequently prescribed Tegretol - an anti-psychotic medication that is used to treat pain - after he complained that ibuprofen was ineffective. (ECF No. 29, at 7 – 8.) Gill disagreed with Gedney's decision to prescribe both ibuprofen and Tegretol because he requested opiates. (ECF No. 29, at 7.) Gill fails to demonstrate that Gedney's decision to prescribe ibuprofen and Tegretol was "medically unacceptable and chosen in conscious disregard of an excessive risk to [his] health." (ECF No. 29.) The Court therefore dismisses the second category of allegations related to Gill's prescriptions. Accordingly, it is recommended that Gill's Eighth Amendment deliberate indifference claim against Gedney be dismissed.

As discussed in the Court's initial screening order, Gill's allegations could also be construed as alleging a state law negligence claim against Gedney for failing to warn about the side effects of Tegretol. (ECF No. 5, at 9.) The Court instructed Gill that if he wanted to pursue this claim, he should file a state law negligence claim. (*Id.*) Gill, fails to do so. (ECF No. 29.) Therefore, the Court will not address it.

b. Defendant Mar

The Court now turns to the allegations against Defendant Mar. (ECF No. 29, at 8.) Based on the allegations, Mar knew: (1) of Gill's pain; (2) that he needed surgery; and, (3) that ibuprofen was ineffective for reducing his pain because of multiple complaints and examinations. (*Id.*) However, Mar refused to prescribe effective painkillers, and responded by stating "there was nothing he could do to help [Gill]." (*Id.*) Gill was dissatisfied with this response because he requested opiates, and he claims that Mar had the "power and authority to prescribe . . . an effective painkiller medication, such as an opiate." (*Id.*) Gill's allegations suggest that he disagreed with Defendant Mar's decision as to what medication should be prescribed. (*Id.*) Gill fails to demonstrate that Mar's refusal to prescribe an opiate was "medically unacceptable and chosen in conscious disregard of an excessive risk to [his] health." (ECF No. 29.) Therefore, it is recommended that Gill's Eighth Amendment deliberate indifference claim against Defendant Mar be dismissed.

c. Defendant Walls

The Court now turns to the allegations against Defendant Walls. (ECF No. 29, at 7-10.) Based on the allegations, Walls knew of Gill's pain because of multiple complaints and requests for treatment. (*Id.*, at 7.) Further, Walls acknowledged that Gill had a degenerative hip condition but "also stated that [Gill] did not need treatment because his x-ray[s] [weren't] as bad as the x-rays of other prisoners." (*Id.*) Walls' statement demonstrates that Walls knew that Gill faced a substantial risk of serious harm, and his decision to not take any action amounts to disregard. For screening purposes, this is sufficient to state a colorable deliberate indifference claim. Accordingly, Gill's Eighth

Amendment deliberate indifference claim against Walls will be allowed to proceed.

d.  Defendant Long

The Court now turns to the allegations against Defendant Long. (ECF No. 29, at 7–10.) Based on the allegations, Gill told Long that ibuprofen was ineffective for dealing with pain, but Long refused to prescribe a stronger painkiller. (*Id.*, at 7.) Gill further alleges that Long "kept himself ignorant of facts that would have given him knowledge of [Gill's] degenerative hip condition." (*Id.*) As a result, Long could not have known that Gill faced a substantial risk of serious harm. Gill is unable to meet the subjective prong of the deliberate indifference test because Long didn't know about a substantial risk of harm to Gill, and therefore, there was nothing for him to disregard. Thus, it is recommended that Gill's Eighth Amendment deliberate indifference claim against Defendant Long be dismissed.

e.  John Does number one (1) through ten (10)

The Court now turns to the allegations against John Does number one (1) through ten (10). (*Id.*, at 9–10.) Based on the allegations, Gill was scheduled to be transferred to HDSP for a consultation with an orthopedic surgeon, however, John Does number one (1) through ten (10) did not do so for nearly a year. (*Id.*, at 8–9.) John Does number one (1) through ten (10) were aware of Gill's hip condition because of his complaints, but still refused to act, resulting in a large delay in treatment. (*Id.*, at 9.) For screening purposes, this is sufficient to state an Eighth Amendment deliberate indifference claim against John Does number one (1) through ten (10). Therefore, Gill's Eighth Amendment deliberate indifference claim against John Does number one (1) through ten (10) will be allowed to proceed. When discovery begins, Gill will have a chance to learn the identities of John

Does number one (1) through ten (10).

## III. CONCLUSION

For the foregoing reasons, the Court, therefore, concludes that Count I will proceed against Aranas, Walls, and John Doe's number one (1) through ten (10).

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Gill's Motion to File Second Amended Complaint (ECF No. 29) be **GRANTED** and the Second Amended Complaint be **DETACHED** and **FILED**.

**IT IS FURTHER RECOMMENDED** that Count I, alleging deliberate indifference to serious medical need, be allowed to proceed against defendants Aranas, Walls, and John Doe's number one (1) through ten (10).

**IT IS FURTHER RECOMMENDED** that Count I, alleging deliberate indifference to serious medical need be dismissed without prejudice as to defendants Gedney, Mar, and Long.

**IT IS FURTHER RECOMMENDED** that defendants Perry and Brockway be dismissed without prejudice from this action as they were not named as defendants in the SAC.

DATED THIS 10th day of April 2019.

_____
UNITED STATES MAGISTRATE JUDGE