UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEVIN ROHN GILL,

Plaintiff,

v.

ROMEO ARANAS, *et al.*,

Defendants.

Case No. 3:17-cv-00159-MMD-CBC

ORDER ACCEPTING AND ADOPTING
REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE
CARLA B. CARRY

## I.    SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Judge Carla B. Carry ("R&R") relating to Plaintiff's motion to amend complaint (ECF No. 29 at 1–2) and second amended civil rights complaint ("SAC") filed against Defendants Aranas, Gedney, Mar, Walls, Long, and John Does numbers 1 through 10 (collectively, "Defendants") under 42 U.S.C. § 1983 (*id.* at 3–15). (ECF No. 33.)[1] The parties had until April 24, 2019, to file their objections to the R&R. To date, no objection has been filed. The Court accepts and adopts the R&R in full.

## II.    BACKGROUND

Plaintiff is an inmate in the Custody of the Nevada Department of Corrections ("NDOC"). (ECF Nos. 1-1, 6, 29.) He filed this civil rights action concerning events that took place while housed at Northern Nevada Correction Center ("NNCC"). (*Id.*)

The SAC alleges factually distinct claims for violation of the Eighth Amendment

///

---

[1]After screening of Plaintiff's first amended complaint ("FAC"), Plaintiff was permitted to proceed on his Eighth Amendment deliberate indifference claim against only Aranas and two other initial Defendants—Brockway and Perry. (ECF No. 5 at 5; ECF No. 33 at 3.) Plaintiff excluded Brockway and Perry as defendants upon filing his SAC, thus Judge Carry recommends they be dismissed from this action without prejudice. (ECF No. 33 at 11.) The Court agrees.

against the different named Defendants. (ECF No. 29 at 3–15.) While Plaintiff appears to allege both claims of cruel and unusual punishment and deliberate indifference to serious medical needs under the Eighth Amendment, the Court's order screening Plaintiff's FAC only permitted amendment as to the latter. (ECF No. 5 at 5 (finding a single deliberate indifference claim against multiple defendants), 13; *see also* ECF No. 6 (FAC filed per screening order).) Plaintiff's lawsuit is accordingly limited.

Plaintiff's SAC centers on his claim that he received inadequate medical care while housed at NNCC by various NNCC medical staff. (ECF No. 29 at 3, 5–9.) His claims focus on treatment for a degenerate hip condition. (*Id.*) He alleges that despite being aware of his pain and need for surgery NNCC staff refused to provide him effective pain killers and to schedule a surgery which has resulted in a permanent handicap and life-long pain. (*Id.*)

Further facts regarding Plaintiff's complaint may be found in the R&R which the Court adopts in full.

## III.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

1 Thus, if there is no objection to a magistrate judge's recommendation, then the court may

2 accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226

3 (accepting, without review, a magistrate judge's recommendation to which no objection

4 was filed).

5 Nevertheless, this Court finds it appropriate to engage in a *de novo* review to

6 determine whether to adopt Magistrate Judge Carry's R&R. Upon reviewing the R&R and

7 underlying documents, the Court accepts and adopts the R&R in full.

8 **IV. DISCUSSION**[2]

9 The Eighth Amendment prohibits the imposition of cruel and unusual punishment.

10 U.S. Const. amend. VIII. Although conditions of confinement may be restrictive and harsh,

11 they may not deprive inmates of "the minimal civilized measures of life's necessities."

12 *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison officials must provide prisoners

13 with "food, clothing, shelter, sanitation, *medical care*, and personal safety." *Toussaint v.*

14 *McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by*

15 *Sandin v. Connor*, 515 U.S. 472 (1995) (emphasis added). A prison official violates the

16 Eighth Amendment when he acts with "deliberate indifference" to the serious medical

17 needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

18 "To establish an Eighth Amendment violation, a plaintiff must satisfy both an

19 objective standard—that the deprivation was serious enough to constitute cruel and

20 unusual punishment—and a subjective standard—deliberate indifference." *Snow v.*

21 *McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012). The subjective requirement demands that

22 the prison official must be aware of and disregard the risk to the inmate's health or safety.

23 *Id.* at 837; *see also id.* at 834 (internal quotation and citation omitted) ("The second

24 requirement follows from the principle that only the unnecessary wanton infliction . . .

25 implicates the Eighth Amendment."). "Indifference may appear when prison officials deny,

26 delay or intentionally interfere with medical treatment, or it may be shown by the way in

27 ///

28 _____

[2]As an initial matter, the Court accepts and adopts Judge Carry's recommendation
that Plaintiff's motion to file the SAC be granted.

3

which prison physicians provide medical care." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations and citation omitted). But ultimately, a showing of deliberate indifference requires a plaintiff show (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. *Id.*

Further, mere difference of opinion between the prisoner and his medical providers—short of a showing that the course of treatment was medically unacceptable and chosen in conscious disregard of an excessive risk to the prisoner's health—cannot support a finding of medical indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice."); *Franklin v. Oregon, State Welfare Div.*, 662 F.3d 1337, 1344 (9th Cir. 1981) (providing that a "difference of opinion between a prisoner-patient and a prison medical provider regarding treatment does not amount to deliberate indifference").

Aside from as noted in footnote one of this order, Judge Carry recommends that Plaintiff's single deliberate indifference claim proceed against Defendants Aranas, Walls, and John Does 1 through 10—apparently incorporating the FAC's finding that the claim as asserted against Aranas should proceed. (ECF No. 5 at 11, 13; ECF No. 33 at 6 ("[T]he Court will consider the deliberate indifference prong as it relates to each newly named Defendant."); *id.* at 10 (recommending claim proceed also against Aranas).)

As to Walls, Judge Carry found anew that, for the purpose of screening, Plaintiff sufficiently asserts a claim by demonstrating that Walls knew Plaintiff faced substantial risk of serious harm, and his decision to not take action amounts to disregard. The Court agrees. (*See* ECF No. 29 at 7 (providing that Walls knew of Plaintiff's pain due to multiple requests for treatment and acknowledged Plaintiff's hip condition but "also stated that Plaintiff did not need treatment because his x-ray wasn't as bad as the x-rays of other prisoners" and that Walls "'gets paid' whether he does the surgery or not[,]" albeit observing Plaintiff in "great pain").)

4

1       As to John Does 1 through 10, Judge Carry found Plaintiff's alleged delay in

2 treatment due to these Defendants' inaction for nearly a year in light of Plaintiff's serious

3 hip condition and treatment having been scheduled (*id.* at 8–9) was sufficient to assert a

4 claim of deliberate indifference against them. The Court agrees.

5       Judge Carry otherwise found the allegations against Defendants Gedney, Mar and

6 Long insufficient to state a colorable deliberate indifference claim. Judge Carry explains

7 that Plaintiff's allegations against Gedney (ECF No. 29 at 6–10) amounts to a

8 disagreement with Gedney's medical decisions without a demonstration that Gedney's

9 decisions were medically unacceptable or in conscious disregard. (ECF No. 33 at 6–7.)

10 Judge Carry essentially arrived at the same conclusion as to Mar. (*Id.* at 8.) Finally, Judge

11 Carry found an absence of knowledge of Plaintiff's hip condition by Long (*see* ECF No. 29

12 at 7) meant he knew of nothing to disregard and thus deliberate indifference could not be

13 established against him. (ECF No. 33 at 9.) The Court again agrees with these findings.

14       Accordingly, the Court accepts and adopts the R&R in full.

15 **V.    CONCLUSION**

16       It is therefore ordered that the Report and Recommendation of Magistrate Judge

17 Carla B. Carry (ECF No. 33) is accepted and adopted in full.

18       It is further ordered that Plaintiff's motion to file the SAC (ECF No. 29 at 1–2) is

19 granted. The Clerk is directed to detach and file the SAC (*id.* at 3–15).

20       It is further ordered that Plaintiff's claim of deliberate indifference to serious medical

21 needs under the Eighth Amendment will proceed against Defendants Aranas, Walls, and

22 Does 1 through 10. If the identity of any Doe defendant comes to light during discovery,

23 Plaintiff may either move to substitute his or her true name or move to amend the complaint

24 to assert specific claims against each Doe defendant identified.

25 ///

26 ///

27 ///

28 ///

It is further ordered that Plaintiff's claims against Defendants Gedney, Mar, Long, Perry and Brockway are dismissed without prejudice. Perry and Brockway are particularly dismissed here because they were not included by Plaintiff as defendants in the SAC.

DATED THIS 2nd day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE