UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN ROHN GILL,<br><br>                Plaintiff,<br>    v.<br>ROMEO ARANAS, *et al.*,<br><br>                Defendants. | Case No. 3:17-cv-00159-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

*Pro se* Plaintiff Kevin Gill, currently incarcerated and in the custody of the Nevada Department of Corrections (NDOC), alleges violations of Eighth Amendment deliberate indifference to serious medical needs under 42 U.S.C. § 1983. (ECF No. 37.) Before the Court is the Report and Recommendation (ECF No. 81 ("R&R" or "Recommendation")) of United States Magistrate Judge Carla B. Baldwin, recommending that the Court grant Defendants' motion for summary judgment (ECF No. 71 ("Motion")) because Plaintiff fails to offer evidence to show Defendants were deliberately indifferent to Plaintiff's serious medical needs. Plaintiff filed an objection to Judge Baldwin's Recommendation. (ECF No. 82 ("Objection").)[1] The Court will overrule Plaintiff's Objection because the Court agrees with Judge Baldwin's analysis of the Motion, and will fully adopt the R&R.

**II.    BACKGROUND**

The Court incorporates by reference Judge Baldwin's recitation of the factual background of this case (ECF No. 81 at 1-3) and does not recite it here. As relevant to Defendants' Motion, the Court permitted Plaintiff's claim of deliberate indifference to proceed against Defendants Romeo Aranas, Dr. Walls, and John Does 1 through 10 based primarily on their failure to provide treatment, including pain medication, for

---

[1]Defendants timely responded. (ECF No. 83.)

Plaintiff's degenerative hip condition between the time of Plaintiff's diagnosis in September 2014 and hip-replacement surgery in 2017. (ECF Nos. 36 at 4-5 (screening order permitting the claim to proceed); 37 at 5-6.)

### III.  LEGAL STANDARDS

#### A.  Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Plaintiff's Objection to the R&R, the Court has undertaken a *de novo* review of it, including the underlying briefs.

#### B.  Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

1  The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). The nonmoving party also "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

**IV.   DISCUSSION**

Following a *de novo* review of the R&R, relevant briefs, and other records in this case, the Court finds good cause to accept and adopt Judge Baldwin's recommendation to grant summary judgment in favor of Defendants.

Judge Baldwin found that Plaintiff offered no evidence to support Plaintiff's allegations that Defendants were deliberately indifferent to Plaintiff's hip pain. (ECF No. 81 at 9-10.) In fact, Judge Baldwin found Defendants' proffered evidence shows Plaintiff was examined by physicians and hip specialists and provided with pain medication during the relevant time period. (*Id.* (citing ECF No. 71-2 at 3-7.) Judge Baldwin further found the undisputed evidence shows Defendant Aranas was not even involved in Plaintiff's treatment.[2] (*Id.*) Plaintiff's Objection merely reiterates Plaintiff's argument in opposing

---

[2]In Plaintiff's Objection, Plaintiff points to Aranas' denial of Plaintiff's grievances to argue that Aranas was personally involved in Plaintiff's treatment and acted with deliberate indifference by denying Plaintiff's grievances and failing to examine Plaintiff. (ECF No. 82 at 3.) But as Judge Baldwin correctly found, Aranas's knowledge of Plaintiff's complaints through Plaintiff's grievances, without more, cannot establish that Aranas personally acted with deliberate indifference for purposes of § 1983 liability. (ECF No. 81 at 10.)

summary judgment that Aranas acted with deliberate indifference.[3] (ECF No. 82 at 3-5.) The Court agrees with Judge Baldwin that Plaintiff fails to offer evidence to show a genuine issue of fact exists that Aranas acted with deliberate indifference in failing to provide pain medication or denying Plaintiff treatment for Plaintiff's hip condition.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla B. Baldwin (ECF No. 81) is accepted and adopted in full. The Court overrules Plaintiff's Objection (ECF No. 82).

It is further ordered that Defendants' motion for summary judgment (ECF No. 71) is granted.

The Clerk of Court is directed to enter judgment in Defendants' favor in accordance with this order and close this case.

DATED THIS 5th Day of November 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's Objection does not challenge Judge Baldwin's finding that Defendant Dr. Wall did not act with deliberate indifference.